IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELEN KANE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PLATINUM HEALTHCARE, LLC, et al. | : | NO. 10-4390 |

**MEMORANDUM RE: MOTION TO DISMISS**

**Baylson, J.**                                                                                                                                                    **January 25, 2011**

## I. Introduction

Plaintiff Helen Kane filed this civil action against her former employer, Platinum Healthcare, LLC ("Platinum"), and her current employers, Global Healthcare Fiscal Services Group, LLC ("GHFS") and Global Healthcare Services Group Corporation ("GHSG") (collectively, "Defendants"), alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 et seq., and state common law. Presently before the court is GHFS and GHSG's Motion to Dismiss Plaintiff's Complaint (ECF No. 9) in part, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Count II of Plaintiff's Complaint alleging breach of contract does not state facts to show that she had any contractual relationship to Defendants; Counts IV and V seek equitable relief when Plaintiff has an adequate remedy at law; and Defendant GHSG asserts it does not exist as a corporate entity. For the following reasons, the motion is granted in part and denied in part.

## II. Factual and Procedural Background

From 2006 to the present, Plaintiff has worked as a nutritionist at Westgate Hills

Rehabilitation and Nursing Center ("Westgate"). Compl. ¶¶ 1, 10. Plaintiff was hired in 2006 with a salary and eligibility for medical benefits. Compl. ¶ 40. Platinum was Plaintiff's employer at Westgate from approximately February 2009 until July 1, 2010. Compl. ¶¶ 2-3, 10.[1] As of August 2009, Plaintiff worked 40 hours per week and was eligible for healthcare benefits. Compl. ¶ 10. On August 19, 2009, Plaintiff took a leave of absence for the birth of her child, which was approved by Platinum. Compl. ¶¶ 11, 28. While Plaintiff was on leave, a consulting company hired by Platinum issued a report that concluded that the duties of Plaintiff's position could be accomplished in fewer hours. Compl. ¶¶ 12-13. When Plaintiff returned to work on November 3, 2009, Platinum reduced her work hours to part-time, and Plaintiff became ineligible for healthcare benefits. Compl. ¶¶ 11, 14. Plaintiff agreed to work fewer hours in return for an hourly wage and loss of benefit eligibility. Compl. ¶¶ 42-43. However, Plaintiff's reduced hours were insufficient for her to complete her assignments. Compl. ¶ 15. Plaintiff worked additional hours at home and informed Platinum that she was doing so, but she was not compensated for her time. Compl. ¶¶ 15-16.

On or about July 1, 2010, Defendants GHFS and GHSG (collectively, "Global Defendants") bought Platinum, assumed ownership and operation of Westgate, and became Plaintiff's employer. Compl. ¶¶ 3, 17-18. Plaintiff alleges that the Global Defendants were

---

[1] It is unclear who was Plaintiff's employer at Westgate from 2006 until February 2009, when Platinum assumed ownership and operation of Westgate. Somewhat confusingly, Plaintiff alleges that she made agreements with Defendants at the time of her 2006 hiring: "Beginning at her hiring in 2006, Plaintiff agreed to complete assignments for Defendants in the capacity of a nutritionist. In return for the completion of these assignments, Defendants agreed to compensate Plaintiff by paying Plaintiff a salary and giving her eligibility for medical benefits." Compl. ¶ 42. The Court reads the Complaint in the light most favorable to Plaintiff, as stating that Platinum assumed the existing employment relationship that its predecessor had established with Plaintiff.

aware of the facts of Plaintiff's employment, including her reduced schedule. Compl. ¶ 19. Plaintiff informed the Global Defendants by email on August 11, 2010 of their failure to fully compensate her, after which her work hours were increased to 32 per week and she became eligible for healthcare benefits after a waiting period of approximately 60 days. Compl. ¶¶ 20-21.

On August 30, 2010, Plaintiff filed her Complaint against Defendants alleging the following five counts: discrimination, retaliation, and failure to reinstate to equivalent position in violation of FMLA (Count I); breach of express and implied contracts (Count II); failure to pay for hours worked in violation of PWPCL (Count III); unjust enrichment (Count IV); and quantum meruit (Count V). (ECF No. 1). Plaintiff seeks reinstatement of employment, damages, attorney fees and costs. On November 23, 2010, the Global Defendants filed the Motion to Dismiss Counts II, IV, and V of the Complaint and to dismiss Defendant GHSG. (ECF No. 9). Plaintiff filed her Response and Opposition to Defendants' Motion to Dismiss on January 4, 2011. (ECF No. 14).

### III. The Parties' Contentions

The Global Defendants raise three arguments in their motion to dismiss. First, they contend that Plaintiff cannot state a breach of contract claim, because Plaintiff was an at-will employee. Defs.' Mot. Dismiss ¶¶ 4-10. Plaintiff responds that her agreement to work for Defendants in exchange for salary and eligibility for healthcare benefits was an employment contract. Pl.'s Resp. ¶ 10; Compl. ¶¶ 41, 48. Plaintiff also contends that her expectation of continuing healthcare benefits was sufficient additional consideration to overcome the presumption of at-will employment. Pl.'s Resp. ¶ 10.

Second, the Global Defendants contend that Plaintiff's quantum meruit and unjust enrichment claims plead a single theory of equitable relief, which is unavailable to Plaintiff because she has adequate remedies at law. Defs.' Mot. Dismiss ¶¶ 11-18. Plaintiff responds that pleading equitable remedies in the alternative is permissible, unless a contract indisputably exists. Pl.'s Resp. ¶¶ 12-15.

Third, the Global Defendants argue that no legal entity exists in the State of New Jersey with the name "Global Healthcare Services Group Corporation," and therefore GHSG should be dismissed from the suit. Defs.' Mot. Dismiss ¶¶ 19-20. Plaintiff admits that she cannot maintain a cause of action against a non-existent entity, but contends that she properly pled that GHSG is a legal entity residing in and doing business in New Jersey, and that GHSG employs her and is Platinum's successor in interest. Pl.'s Resp. ¶ 20; Compl. ¶ 3.

## IV. Legal Standard for Motion to Dismiss for Failure to State a Claim

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). The court will "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).

Under Federal Rule of Civil Procedure 8(a)(2), a valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In two recent decisions expounding upon the pleading standard, the Supreme Court rejected its old formulation that dismissal is not proper "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).[2] In Twombly, the Court announced that a complaint must plead facts sufficient "to raise a right to relief above the speculative level" to survive a motion to dismiss, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court clarified that the heightened degree of fact pleading explicated in Twombly extends to all civil actions. Id. at 1953. Post Iqbal, a district court deciding a Rule 12(b)(6) motion is required to conduct a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The court first "accept[s] all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 129 S. Ct. at 1949). Second, the court "determine[s] whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (citing Iqbal, 129 S. Ct. at 1950).

## V.    Discussion

This Court has federal question jurisdiction over Plaintiff's FMLA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. When a federal district court exercises its supplemental jurisdiction over a state-law claim, the court applies federal law to procedural matters, and the law of the forum state to substantive matters. Chin v. Chrysler LLC, 538 F.3d 272, 278 (3d Cir. 2008) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). Because this Court sits in Pennsylvania, we apply Pennsylvania

---

[2] Plaintiff incorrectly cited the overruled standard from Conley as the standard for resolving the Global Defendants' Motion to Dismiss. Pl.'s Mem. of Law to Opp. Defs.' Mot. to Dismiss 5.

law to the substantive state law claims raised by the motion to dismiss.

### A. Count II: Breach of Contract

To state a claim for breach of contract under Pennsylvania law, a plaintiff "must establish: '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.'" Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

Pennsylvania presumes all employment is "at-will." Scully v. US WATS, Inc., 238 F.3d 497, 505 (3d Cir. 2001); Murray v. Commercial Union Ins. Co., 782 F.2d 432, 434 (3d Cir. 1986) (presumption of at-will employment applies "absent a statutory or contractual provision to the contrary"). At-will employees may be discharged, either for cause or for no cause, at any time. Schoch v. First Fid. Bancorp., 912 F.2d 654, 658 (3d Cir. 1990) (quoting Martin v. Capital Cities Media, Inc., 511 A.2d 830, 834 (Pa. Super. Ct. 1986)). The terms of at-will employment may be modified. Cristman v. Eyerite Pump & Mfg. Co., 17 A.2d 339, 339 (Pa. 1941) ("employment at will may be modified by reduction in wages").

If the presumption of at-will employment applies, the employee bears the burden of rebutting the presumption. Martin v. Safeguard Scientifics, Inc., 17 F. Supp. 2d 357, 369 (E.D. Pa. 1998) (citing Rutherfoord v. Presbyterian-Univ. Hosp., 612 A.2d 500, 503 (Pa. Super. Ct. 1992)). The plaintiff may attempt to rebut the at-will presumption by establishing one of the following features: "(1) an agreement for a definite duration; (2) an agreement specifying that the employee will be discharged for just cause only; (3) sufficient additional consideration; or (4) an applicable recognized public policy exception." Rapagnani v. Judas Co., 736 A.2d 666, 669 (Pa.

Super. Ct. 1999) (citing Luteran v. Loral Fairchild Corp., 688 A.2d 211, 214 (Pa. Super. Ct. 1997)).

To rebut the at-will presumption by showing an express agreement, the plaintiff must present "clear and precise evidence of an oral employment contract for a definite term." Scully, 238 F.3d at 505. To demonstrate an implied-in-fact contract, a plaintiff must show that the circumstances surrounding the hiring indicate the parties did not intend for the employment to be "at-will." Veno v. Meredith, 515 A.2d 571, 577 (Pa. Super. Ct. 1986).

To rebut the presumption by establishing sufficient additional consideration, the plaintiff must show that the "employee affords his employer a substantial benefit other than the services which the employee is hired to perform, or when the employee undergoes a substantial hardship other than the services which he is hired to perform." Darlington v. Gen. Elec., 504 A.2d 306, 315 (Pa. Super. Ct. 1986), overruled on other grounds, Clay v. Advanced Computer Applications, Inc., 559 A.2d 917 (Pa. 1989). This standard for rebuttal imposes a high burden on plaintiffs. Pennsylvania courts construe additional consideration narrowly and require the plaintiff to show an "extraordinary" benefit or detriment. Safeguard Scientifics, Inc., 17 F. Supp. 2d at 369 (citations omitted). Even if the plaintiff alleges sufficient additional consideration, the resulting implied-in-fact employment contract only protects the plaintiff from a change in employment status for a "reasonable period," typically measured in days or months. Zysk v. FFE Minerals USA Inc., 225 F. Supp. 2d 482, 502 (E.D. Pa. 2001) (granting judgment for defendant on breach of contract claim where, even assuming plaintiff's move from Washington to Pennsylvania to begin employment constituted sufficient additional consideration, plaintiff had been employed by defendant for two years, more than a reasonable period, and was no longer

protected against discharge). For example, in Veno v. Meredith, a plaintiff who was discharged after eight years of employment alleged that he gave up another job, moved his family from Newark to Philadelphia, and refused other employment opportunities. 515 A.2d at 580. The Court, affirming judgment for the employer, held that the plaintiff's alleged hardships were "commensurate with those incurred by all manner of salaried professionals" and thus insufficient to distinguish the plaintiff from an ordinary at-will employee. Id. By contrast, in Cashdollar v. Mercy Hosp. of Pittsburgh, 595 A.2d 70 (Pa. Super. Ct. 1991), the court found sufficient additional consideration where the plaintiff left a secure job, moved his pregnant wife and his child from Virginia to Pennsylvania, sold his former home, and was fired after 16 days of employment. Id. at 73-74.

Here, Plaintiff's employment was presumptively at-will because there existed no statutory or written contractual provision to the contrary. Plaintiff attempts to rebut the presumption by alleging the existence of an express, presumably oral, contract with Defendants. In her Complaint, however, Plaintiff merely alleged that she agreed to work as a nutritionist in exchange for a salary and eligibility for medical benefits. She does not allege that she had an agreement to work for a definite term. She also does not allege any circumstances surrounding her hiring that show an intent for her not to be an at-will employee.

Nor has Plaintiff alleged sufficient additional consideration to imply a contractual relationship that would rebut the at-will presumption. Plaintiff does not allege an extraordinary benefit she conferred on her employers or an extraordinary detriment that she suffered, such as moving family members across state lines and selling her home, as in Cashdollar. Plaintiff's expectation of continuing medical benefits was part of the employment relationship itself, not an

additional consideration.³ Moreover, even if Plaintiff had pled facts showing additional consideration, the modification of her employment occurred in 2009, three years after she began her employment at Westgate, a far lengthier time than courts have found to be a "reasonable period" to imply the existence of a contract.

Because Plaintiff's existing factual allegations do not rebut the presumption that her employment was at-will, she cannot plausibly state a claim for breach of contract. Accordingly, the breach of contract claim is dismissed without prejudice. If Plaintiff can allege sufficient facts, she may file an Amended Complaint within 21 days.

**B.    Counts IV and V: Unjust Enrichment and Quantum Meruit**

The Counts for unjust enrichment and quantum meruit both sound in quasi-contract and relate to the same equitable theory of relief. Mitchell v. Moore, 729 A.2d 1200, 1202 n.2 (Pa. Super. Ct. 1999)) ("[A] claim of quantum meruit raises the issue of whether a party has been unjustly enriched, and in order to prove such claim a party must successfully prove the elements of unjust enrichment. . ."). The Court therefore considers Counts IV and V together as a single claim for unjust enrichment.

To prove unjust enrichment, the plaintiff must establish: "'(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'" Id. at 1203 (quoting Schenck v. K.E. David, Ltd., 666 A.2d 327, 328 (Pa. Super. Ct. 1995)). An unjust enrichment claim is subject to the "basic

---

³ Indeed, if any discharged employee could persuade the Court that expectation of continued salary or benefits was "sufficient additional consideration" to rebut the presumption of at-will employment, then the presumption would cease to exist.

tenet of equity jurisprudence" that "if an adequate remedy at law exists, equitable relief will not be granted." Goadby v. Philadelphia Elec. Co., 639 F.2d 117, 122 (3d Cir. 1981) (holding that the district court erred by granting an injunction where the plaintiff had an adequate remedy for damages under Pennsylvania law). Adequacy of the remedy is determined by availability, not by likelihood of success on the merits. Tudor Dev. Grp., Inc. v. U.S. Fid. & Guar. Co., 968 F.2d 357, 364 (3d Cir. 1992) (citing Willing v. Mazzocone, 393 A.2d 1155, 1158 (Pa. 1978)).

The Federal Rules of Civil Procedure contemplate pleading in the alternative. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). See U.S. Gypsum Co. v. Nat'l Gypsum Co., 352 U.S. 457, 467 (1957) (plaintiff may plead a theory of quantum meruit in the alternative). If it is clear that a contract governs the parties' relationship, however, a plaintiff cannot recover under a quantum meruit theory. Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh, 776 F.2d 1174, 1177 (3d Cir. 1985) (quoting Schott v. Westinghouse Elec. Corp., 259 A.2d 443, 448 (Pa. 1969)) ("'[T]he quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between parties is founded on a written agreement or express contract.'"). Therefore, a plaintiff cannot state a claim for unjust enrichment where the existence of a contract is established. See Alpart v. Gen. Land Partners, Inc., 574 F. Supp. 2d 491, 507 (E.D. Pa. 2008) (granting motion to dismiss an unjust enrichment claim with respect to an express contract, and denying the motion to dismiss an unjust enrichment claim where the parties disputed the existence of an express contract).

In this case, Plaintiff has sufficiently pled facts to satisfy the elements of a claim of unjust enrichment, i.e., that she conferred a benefit on Defendants by working additional hours at home,

that she has completed her assignments for the benefit of Defendants, and that Defendants did not compensate her. As discussed above, Plaintiff has not clearly alleged the existence of any contract, and therefore she is permitted to plead her unjust enrichment claim. At this early stage in the pleadings, it is not clear that Plaintiff's claims under the FMLA and PWPCL are adequate remedies at law. Therefore, the Court denies the motion to dismiss Counts IV and V.

### C. Dismissal of GHSG

The Global Defendants moved to dismiss Defendant GHSG, contending that it is not a legal entity in the State of New Jersey, but did not attach any affidavits or supporting documentation to their motion. Defs.' Mot. Dismiss 7-8. Plaintiff alleged that GHSG is a fictitious name for a legal entity residing and doing business in New Jersey, which became her employer on or about July 1, 2010, when it purchased Platinum and began operating the Westgate facility. Pl.'s Resp. 9; Compl. ¶ 3. Because the Court reads the Complaint in the light most favorable to the Plaintiff, at this stage it will allow Plaintiff to pursue her claims against Defendant GHSG. The parties should resolve during discovery the correct legal identity of Plaintiff's employer.[4] Therefore, the Court denies the motion to dismiss Defendant GHSG.

## VII. Conclusion

For the above reasons, the Global Defendants' motion to dismiss will be granted with respect to Count II, denied with respect to Counts IV and V, and denied with respect to the dismissal of Defendant GHSG. An appropriate Order follows.

---

[4] If discovery reveals that GHSG is not a proper defendant, the Court would entertain a stipulation as to the proper parties or a motion to amend by Plaintiff.

O:\CIVIL 09-10\10-4390 Kane v. Platinum\Kane - MTD memo.wpd